IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON BROOKS,

      Plaintiff,                           No. 2:12-cv-2708 JFM P

    vs.

MATTHEW CATE, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this action styled as a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which is dated October 31, 2012 but has not been signed by plaintiff. <u>Cf</u>. Fed. R. Civ. P. 11. Good cause appearing, ruling on plaintiff's application to proceed in forma pauperis will be deferred and plaintiff will be directed to complete and return a signed in forma pauperis application.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff claims that defendants violated his Fourteenth Amendment rights by a 2007 decision to deny him parole. Defendants are Matthew Cate, the former Secretary of the California Department of Corrections and Rehabilitations, and three parole commissioners. Plaintiff seeks injunctive relief in the form of an order requiring a new parole hearing before a different panel and an order requiring the panel to follow California statutory law and judicial precedent.

A prison inmate may not proceed with a § 1983 action that implicates the validity of ongoing confinement absent proof that the challenged conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Heck applies to actions for injunctive relief as well as to actions for money damages. See Osborne v. District Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005). In addition, the rule announced in Heck applies to challenges to denials of parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

/////

1  Here, it is plain from the allegations of plaintiff's complaint that his habeas corpus
2  challenge to the 2007 denial of parole has been denied by a judge of this court, by the United
3  States Court of Appeals for the Ninth Circuit, and by the United States Supreme Court.  See
4  Complaint, filed November 2, 2012, at 9-10.  This action is therefore barred by Heck and its
5  progeny and must be dismissed for failure to state a claim upon which relief may be granted.  See
6  28 U.S.C. § 1915A.  Good cause appearing, plaintiff will be granted a period of twenty days in
7  which to file a request for voluntary dismissal of this action.  Failure to comply with this order
8  will result in a recommendation that this action be dismissed.[1]

  In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted
twenty days from the date of this order in which to file a request for voluntary dismissal of this
action.  See Fed. R. Civ. P. 41(a).

DATED: November 14, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
broo2708.41a

---

[1] Plaintiff is cautioned that if he proceeds further with this action he will be required to file a complete signed in forma pauperis application and that he will incur a liability for the full amount of the $350.00 filing fee for this action.