IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON BROOKS,

    Plaintiff,                               No. 2:12-cv-2708 JFM P

    vs.

MATTHEW CATE, et al.,

    Defendants.                            <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this action styled as a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis.[1] Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        By order filed November 15, 2012, plaintiff was granted twenty days in which to file a request for voluntary dismissal of this action.  In that order, plaintiff was cautioned that if he proceeds further with this action he would incur a liability for the full amount of the $350.00 filing fee for this action and that this action would be dismissed.  The twenty day period has expired and plaintiff has not filed a request for voluntary dismissal.

---

[1] Plaintiff's original in forma pauperis application was not signed.  On December 11, 2012, plaintiff filed a complete, signed in forma pauperis application.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff claims that defendants violated his Fourteenth Amendment rights by a 2007 decision to deny him parole. Defendants are Matthew Cate, the former Secretary of the California Department of Corrections and Rehabilitations, and three parole commissioners. Plaintiff seeks injunctive relief in the form of an order requiring a new parole hearing before a

different panel and an order requiring the panel to follow California statutory law and judicial precedent.

A prison inmate may not proceed with a § 1983 action that implicates the validity of ongoing confinement absent proof that the challenged conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Heck applies to actions for injunctive relief as well as to actions for money damages. See Osborne v. District Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005). In addition, the rule announced in Heck applies to challenges to denials of parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

As the court found in the November 15, 2012 order, it is plain from the allegations of plaintiff's complaint that his habeas corpus challenge to the 2007 denial of parole has been denied by a judge of this court, by the United States Court of Appeals for the Ninth Circuit, and by the United States Supreme Court. See Complaint, filed November 2, 2012, at 9-10. This action is therefore barred by Heck and its progeny and must be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

3.  This action is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.

DATED: December 19, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
broo2708.dm